**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Dion Calvin, | No. CV-24-01784-PHX-GMS (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

Plaintiff Edward Dion Calvin, who was previously confined in the Maricopa County Jail, brought this civil rights action under 42 U.S.C. § 1983 against Defendants Phoenix Police Department and Phoenix Police Officer Michael Paulson. (Doc. 9). Before the Court is Defendant Paulson's Motion to Dismiss (Doc. 19) and the Report and Recommendation (R&R) of Magistrate Judge Deborah M. Fine recommending the Court grant Defendant Paulson's Motion to Dismiss without prejudice based on Plaintiff's failure to prosecute and failure to notify the Court of his change of address. (Doc. 22).

The Court will adopt the R&R and grant Defendant Paulson's Motion to Dismiss.

## I.    Background

In Plaintiff's one-count Second Amended Complaint, Plaintiff sues the City of Phoenix and Phoenix Police Officer Michael Paulson for money damages. Plaintiff alleges Defendant Paulson violated his Fourth Amendment rights by using excessive physical force on him during arrest. Plaintiff alleged Defendant City of Phoenix failed to train its officers on "when to properly use deadly force."

The Court's May 23, 2025 screening order (Doc. 10) dismissed Defendant City of Phoenix for Plaintiff's failure to state a claim against it and Defendant Paulson was required to answer the Second Amended Complaint.

**II.    Procedural History and Posture**

The Court's May 23, 2025 screening order directed and warned that "Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action" (*Id*. at 4). Additionally, the Court warned that "[i]f Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)" (*Id*. at 5).

On August 6, 2025, Defendant Paulson filed an Answer to the Second Amended Complaint's excessive force claim against him through his counsel of record at the Phoenix City Attorney's Office (Doc. 13). On August 7, 2025, the Court issued a Scheduling and Discovery Order (Doc. 14). On December 15, 2025, Defendant Paulson filed a motion for leave to depose Plaintiff (Doc. 15), which the Court granted the same day (Doc. 16), noting that the Court previously authorized Plaintiff's deposition (*Id*. at 1; see Doc. 14 at 3). Defendant Paulson then promptly noticed Plaintiff's deposition, sending a copy to Plaintiff at his address of record (Doc. 17).

The Order granting leave to depose Plaintiff (Doc. 16) was mailed to Plaintiff at his address of record on the day of its filing but was returned to the Court as undeliverable a few weeks later (Doc. 18).

On January 26, 2026, Defendant Paulson filed the pending Motion to Dismiss (Doc. 19) for Plaintiff's failure to appear at a deposition and to comply with this Court's Order (Doc. 10), for not maintaining up to date contact information.

On the same day that Defendant Paulson filed the pending motion to dismiss, the Court issued an Order warning about the need for Plaintiff to timely and properly respond

to the motion to dismiss (Doc. 20). The Order was mailed to Plaintiff at his address of record on the day of its filing but was returned to the Court as undeliverable (Doc. 21); the returned envelope stated that Plaintiff was no longer in custody (*Id.*). Pursuant to General Order 14-10, the Clerk of Court then discontinued mailing until a new address for Plaintiff is received. [1]

Plaintiff has not filed any change of address. Indeed, Plaintiff has not filed anything with the Court since he returned the service packet for Defendant Paulson in June 2025.

## II.    Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise."  *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[f]ollowing *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object").  District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection."  *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made").

Neither party filed objections to the Court's March 17, 2026 R&R.  The Court is therefore not obligated to review the R&R.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must

---

[1]  Plaintiff cannot be located through the publicly available Arizona Department of Corrections, Rehabilitation & Reentry Inmate Locator. See https://corrections.az.gov/inmate-data-search (last accessed 3/16/2026).

determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Even so, the Court has reviewed Judge Fine's R&R. As set forth above, since December 2025, numerous documents mailed from the Court to Plaintiff have been returned in the mail, establishing that Plaintiff has failed to notify the Court of his change of address as required under the Local Rule and as directed in prior Court Order, and he has abandoned his case. (*Id*. at 7).

The Court therefore accepts and adopts the R&R. Defendant Paulson's Motion to Dismiss (Doc. 19) will be granted and this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE  ORDERED:**

(1)     The Report and Recommendation (Doc. 22) is **adopted**.

(2)     Defendant Paulson's Motion to Dismiss (Doc. 19) is granted.

(3)     The Clerk of Court is directed to terminate this action.

Dated this 9th day of April, 2026.

G. Murray Snow
Senior United States District Judge